Serrell v. Rothstein.

MARY E. SERRELL

v.

REBECCA ROTHSTEIN et al.

1. Relief will not be afforded in equity on the ground of mistake, where the defendant's liability is the result of pure carelessness.

2. In computing the days of grace allowed in a bond for the payment of interest, the day when the interest became payable will not be counted. The day of payment being July 29th, thirty days of grace will have expired on August 29th.

On motion to strike out part of the answer of Rebecca Roth stein.

The bill is filed to foreclose a mortgage dated on the 29th of July, 1890, given to secure the payment of $11,000 on the 29th of July, 1893, with interest, payable on the 29th days of January and July in each year. The mortgage contains a proviso that if the interest shall at any time remain unpaid and in arrears for the space of thirty days after it shall be payable, the principal shall become due at the option of the mortgagee. Six months' interest upon the mortgage became due on the 29th of July, 1891. It was not paid, but on the 29th of August, in the same year, payment of it was tendered in behalf of the mortgagor to the mortgagee and refused. The bill alleges that the mortgagee, in the exercise of her option under the interest proviso, has elected that the entire principal money shall be due and payable, and seeks the foreclosure of the mortgage for the entire principal with arrears of interest.

25

The portion of the answer of Rebecca Rothstein, which is objected to, alleges, *first*, that the tender made on the 29th of August was within the thirty days limited by the proviso; and, *second*, if it was not made within that time, the failure to make it was due to a mistake upon the part of Rebecca Rothstein; that she is a Polish Jew, unfamiliar with our calendar and the number of days in its respective months, and, hence, unable to make the calculation required to ascertain the limit of grace allowed by the contract; that she relied upon a son, eighteen years of age, who informed her that the 29th day of August was within the limit of grace.

*Mr. Thomas J. Kennedy*, for the motion.

*Mr. William W. Anderson, contra.*

THE CHANCELLOR.

The defendant admits that she knew when the interest was payable, and, also, that the extent of grace allowed by the contract was thirty days from that time. The allegations of the answer exhibit that it was her design to defer payment to the utmost limit of the grace, and that, in relying upon her son's calculation, she waited one month after the interest became due, instead of thirty days. Her deliberate entry upon a scheme of delay, under sanction of the provisions of her contract, warned her to see to it that her calculations were without error. She sought to take advantage of the letter of a contract which reckoned time not by the calendar month, but by days, a lapsing of time as plainly apparent to her as to any other person, whatever his or her language or education may have been. It is not necessary to consult a calendar to ascertain when a day commences and ends, or when thirty days pass. As each day of the thirty allowed the defendant went by, she must have been aware of its passage and have realized that it took one from the thirty. Her miscalculation was the result of her carelessness, which cannot be regarded in equity as a mistake. *Voorhis* v. *Murphy, 11 C. E. Gr. 434.* She and her agent, under the circumstances, were

'bound, at least, to such reasonable diligence as would have ascertained the limit to which she had determined to go.

That limit was reached on the 28th day of August. The 29th of July, the day upon which the interest became due and payable, is not to be counted. The interest was payable at any time during that day, and was not due until the day expired at midnight. Upon its expiration at midnight a new day entered, and, with its entry, the interest became unpaid and the first of the thirty days commenced. Two of them expired in July, and, after twenty-eight more of them had expired in August, the thirty days of grace, given by the contract, were at an end. *Thorne* v. *Mosher, 5 C. E. Gr. 257; In re Evans's Will, 2 Stew. Eq. 571; McCulloch* v. *Hopper, 18 Vr. 189.* The allegations of the answer objected to do not state a defence, and the complainant should not be put to the expense of attending upon their proof.

I will make the order moved for.